## IN THE SUPREME COURT OF PENNSYLVANIA
### MIDDLE DISTRICT

| | | |
|---|---|---|
| GENERAL MOTORS, LLC | : | No. 778 MAL 2017 |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal from |
| | : | the Order of the Commonwealth Court |
| | : | |
| BUREAU OF PROFESSIONAL AND | : | |
| OCCUPATIONAL AFFAIRS, STATE | : | |
| BOARD OF VEHICLE | : | |
| MANUFACTURERS, DEALERS AND | : | |
| SALESPERSONS | : | |
| | : | |
| | : | |
| PETITION OF: BUDD BAER, INC. D/B/A | : | |
| BUDD BAER BUICK GMC; MEL GRATA | : | |
| CHEVROLET, INC.; AND TURNER | | |
| AUTOMOTIVE OF NEW HOLLAND, INC. | : | |
| D/B/A TURNER BUICK GMC | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 14th day of May, 2018, the Petition for Allowance of Appeal is

**GRANTED**. The issues, as stated by Petitioners, are:

(1) Did the Commonwealth Court err in concluding that, as a matter of first impression, GM is permitted to eliminate statutory protections provided to Dealers by unilaterally altering the Dealers' warranty labor reimbursement rate?

(2) Did the Commonwealth Court err by failing to give proper deference to the Board's decision interpreting the Act?

(3) Did the Commonwealth Court err in concluding that, as a matter of first impression, GM is permitted to impose a surcharge on Dealers seeking retail reimbursement for parts alone, although the plain language of the Act provides that a manufacturer may only surcharge dealers seeking retail rate reimbursement for both parts and labor?

Additionally, the Application to Withdraw as a Party to Petition for Allowance of Appeal, filed by Turner Buick GMC, is **GRANTED** with prejudice.

Justice Baer did not participate in the consideration or decision of this matter.